UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
JAIME RUTKOWSKI,

                          Plaintiff,                        **11 CV 0532 (DLC)**

        -against-

                                                  **COMPLAINT**

THE CITY OF NEW YORK, POLICE OFFICER
LUIS MONCAYO (Shield 9119, 7th Precinct) and      **JURY TRIAL DEMANDED**
POLICE OFFICERS and SUPERVISORS JOHN
and JANE DOES 1-5,

                         Defendants.
--------------------------------------------------------------------------------X

        Plaintiff **JAIME RUTKOWSKI**, by her attorney, Joel Berger, Esq., for her complaint alleges as follows:

### NATURE OF THE ACTION

        1.      This is an action to recover money damages arising out of defendants' violation of plaintiff's rights under the Constitution and laws of the United States and the State of New York, including deliberate indifference to plaintiff's health, safety and well-being as a Type-1 Diabetic, by repeated denial of access to Insulin and other misconduct in a post-arrest situation, resulting in serious, life-threatening physical injury.

### JURISDICTION AND VENUE

        2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

        3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1332 (a), 1343 (3) and (4), and 1367.

        4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 (a) and (b).

### *PENDENT JURISDICTION*

5.  This Court has jurisdiction over plaintiff's state law claims, pursuant to its pendent or supplemental jurisdiction as codified in 28 U.S.C. § 1367 (a).

6.  On November 23, 2010, within ninety days after the claims alleged in this complaint arose, a verified Notice of Claim was duly served upon the Comptroller of the City of New York pursuant to General Municipal Law § 50-e.

7.  At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claims has been neglected or refused by defendant City of New York.

8.  This action is being commenced within one year and ninety days after the happening of the events up which the claims are based.

### *DIVERSITY JURISDICTION*

9.  This Court has jurisdiction over plaintiff's state law claims pursuant to its diversity jurisdiction under 28 U.S.C. § 1332 (a) and (c) (1), in that plaintiff is a citizen of the State of Pennsylvania, defendants are all citizens of the State of New York, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### *JURY DEMAND*

10.  Plaintiff demands trial by jury in this action.

### *PARTIES*

11.  Plaintiff **JAIME RUTKOWSKI** is a citizen of the United States and of the State of Pennsylvania. She is a 29 year-old college graduate. She is a Type-1 Diabetic -- the most aggravated form of the disease -- and suffers from numerous other health disorders related to her acute illness. She has been a Type-1 Diabetic since she was 2 years old. She had never been

2

arrested for any offense before the incident described herein. She has no history whatsoever of drug addiction or mental illness.

12.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

13.     At all times relevant herein, defendant Luis Moncayo (Shield 9119) was a police officer employed by the NYPD, assigned to the 7th Precinct (19½ Pitt Street, New York, NY 10002), on the Lower east Side of Manhattan. He is the officer who arrested plaintiff.

14.     At all times relevant herein, defendant John Doe 1 was on duty with Moncayo and was Moncayo's partner, and John and Jane Does 2-5 were other officers or supervisory officers who were also responsible for the harms suffered by plaintiff.

15.     At all times relevant herein, defendants Moncayo and John and Jane Does 1-5 were acting as agents, servants and employees of defendant City of New York and the NYPD.

16.     At all times relevant herein, all defendants were all acting under color of state law.

### *FACTS*

17.     At approximately 11:00 P.M. on Saturday, October 16, 2010, in the vicinity of 149 Ludlow Street on the Lower east Side of Manhattan, plaintiff and a friend, Jessica Wisniewski, were attending a bachelorette party at Libations, a restaurant on the Lower East Side.

18.     Ms. Wisniewski, like plaintiff, has no criminal record.

19.     The two women stepped outside to smoke a tiny remnant of a single marijuana cigarette butt (commonly known as a "roach"). As plaintiff was discarding it, both she and Ms.

Wisniewski were without warning viciously grabbed and thrown to the ground by two men -- one a stocky Latino, the other a tall African-American.

20.     Fearing that they were being attacked or kidnapped for sex, the two women struggled but were unable to free themselves.  Claimant is only 4'11" tall and weighs approximately 106 pounds; Ms. Wisniewski is taller but skinnier and approximately the same weight.  They began shouting to bystanders to call 911.

21.     Only after the two women were on the ground, and in pain from injuries resulting from being thrown there -- plaintiff suffered shoulder and hip injuries -- did the two men handcuff the women and state that they were police officers.  Shortly thereafter a police car arrived, and the two women were taken in handcuffs to the 7th police precinct, 19½ Pitt Street, New York, NY 10002, where they were placed in a cell.  During their incarceration at the precinct they were fingerprinted and photographed.

22.     Plaintiff immediately informed the officer who had attacked and arrested her, Luis Moncayo (Shield 9119, 7th Precinct), that she is a Type-1 Diabetic -- the most aggravated form of the disease -- and suffers from numerous other health disorders related to her acute illness.

23.     Plaintiff could feel her sugar level skyrocketing due to anxiety, a common occurrence for diabetics.  Moncayo had confiscated her Diabetic's Kit, which included a meter to check sugar levels, insulin and a syringe.  She asked for it several times.  Moncayo ignored her requests.

24.     Plaintiff also needed to go to the bathroom several times, because when a diabetic's sugar level rises dramatically the system attempts to flush out some of the sugar through urination. Moncayo repeatedly ignored her requests.  During approximately 3 hours at the precinct, plaintiff

got to use the bathroom only twice.  On both occasions he left the door to the bathroom partially open and passersby, including men, could see in.

25.     Moncayo would not even give plaintiff water during her confinement at the precinct, even though a diabetic's thirst when the sugar level rises dramatically is unbearable.  He ignored her numerous requests for water.

26.     Moncayo also tried to dissuade plaintiff from seeking medical attention, asking her to sign a waiver and threatening her that if she wanted to go to the hospital she would go there in handcuffs and her court appearance would be delayed.  Plaintiff nonetheless requested medical attention, fearing for her life if she declined.

27.     Only when an ambulance and paramedics finally arrived at the 7th Precinct, after plaintiff had been there for nearly 3 hours, did Moncayo produce plaintiff's Diabetic's Kit.  (The paramedics did not have one with them.) The meter showed a sugar level of 500 -- a level so high that it presents a severe risk of the diabetic going into a coma and dying.

28.     Moncayo finally allowed plaintiff to give herself some insulin at this time, but when she arrived at Bellevue Hospital her sugar level was still dangerously high at 400.

29.     Moncayo then took away the Diabetic's Kit again.  He handcuffed plaintiff behind her back, and placed shackles on her feet -- a chain connects the two shackles, forcing the individual to hobble.  She could not even get into the ambulance on her own.  Her feet became cut and bruised from being forced to hobble, tightly shackled while wearing dress shoes.

30.     Moncayo accompanied plaintiff to Bellevue Hospital, and stood guard over her while she waited in a chair for medical attention.  She remained handcuffed behind her back and tightly shacked at her feet.  Her wrists and feet were in great pain from the tight handcuffing and

shackling.  Moncayo also ignored her numerous requests for water and for an opportunity to use a bathroom.

31.     After approximately an hour plaintiff was placed on a gurney, but Moncayo kept her feet tightly shackled and handcuffed one hand to the gurney.

32.     After plaintiff had been at Bellevue Hospital for 2-3 hours, Moncayo departed and was replaced by an officer who loosened the shackles a little and let plaintiff go to the bathroom more frequently.

33.     At Bellevue several other arrestees were neither handcuffed nor shackled by their arresting officers.  The NYPD Patrol Guide, ¶ 210-02, provides ample flexibility in security procedures depending upon the incentive for escape, which was minimal here given the extremely minor nature of the charge -- smoking a single marijuana butt in public.

34.     After approximately 6 hours of hospitalization plaintiff was discharged and returned to the 7th Precinct at approximately 8:00 A.M. on Sunday, October 17, again in handcuffs and shackles, and was placed in a cell.  Moncayo was once again present at the precinct.  He had not yet completed the paperwork regarding plaintiff's arrest.  It was not until nearly 6:00 P.M. on Sunday, October 17, that plaintiff was taken to Manhattan Central Booking.

35.     While at the precinct the second time plaintiff's sugar level began to rise again, but this time she chose to risk pain rather than delay her trip to court any longer.  Moncayo had departed and, with the intervention of a sergeant, plaintiff was finally taken to Manhattan Central Booking where she was quickly photographed and fingerprinted again and given priority on the court calendar.  By now she was in tears from the pain she was enduring.

36.     At approximately 7:00 P.M. on September 17, 2010, plaintiff finally was taken

6

before a Criminal Court Judge, received the customary Adjournment in Contemplation of Dismissal (CPL § 170.56) accorded first-time marijuana arrestees -- she was not charged with resisting arrest or anything else -- and was released.  (Docket No. 2010NY077709, Part APAR3, Hon. Larry R. Stephen, J.)

37.    Plaintiff had been in custody for 19 hours, in excruciating pain from the injuries resulting from Moncayo's brutal use of force in arresting her and the even more brutal and tortuous conditions deliberately imposed upon her by Moncayo after her arrest.

38.    After her release plaintiff remained in severe physical pain from infections and other physical damage resulting from her ordeal, as well as emotional pain and anxiety that also exacerbated her physical condition because of her Type-1 Diabetes.

### FIRST CLAIM FOR RELIEF

39.    Plaintiff repeats and realleges the allegations contained in ¶¶ 1-38.

40.    Defendants, by subjecting plaintiff to the acts and omissions alleged in ¶ 1-38, were deliberately indifferent to plaintiff's health, safety and well-being, and violated his plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, and 12 of the Constitution of the State of New York.

### SECOND CLAIM FOR RELIEF

41.    Plaintiff repeats and realleges the allegations contained in ¶¶ 1-38 and 40.

42.    The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers and supervisory police officers.

43.    Upon information and belief, the failure of the City of New York and the NYPD

properly to select, train, supervise, promote and discipline police officers and supervisory police officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

44.     The official policies, practices and customs of the City of New York and the NYPD alleged in ¶¶ 1-39, 41 and 42-43 violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, and 12 of the Constitution of the State of New York.

## THIRD CLAIM FOR RELIEF

45.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-38, 40 and 42-44.

46.     The acts and omissions of defendants alleged herein constituted gross and deliberate indifference to plaintiff's physical and mental health, well-being and safety, aggravated assault and battery, the malicious infliction of severe physical, mental and emotional distress, and gross employee negligence.

47.     The conduct toward plaintiff alleged herein subjected plaintiff to severe physical injury, as well as trauma, shock, debasement, fright, fear, humiliation, embarrassment, psychological and emotional trauma, and physical and emotional pain and suffering.

## FOURTH CLAIM FOR RELIEF

48.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-38, 40, 42-44, and 46-47.

49.     At all times relevant herein, the individual defendants were on duty and were acting within the scope of their employment as agents, servants and employees of the City of New York, which is therefore responsible for their conduct under common law, state law and Article I, §§ 1, 5, 6, and 12 of the Constitution of the State of New York.

8

*PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

(a)     Compensatory damages against all defendants, jointly and severally;

(b)     Punitive damages against all individual defendants, jointly and severally;

(c)     Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

(d)     Such other and further relief as this Court deems just and proper.

Dated:   New York, New York
       January 26, 2011

/s/ Joel Berger

**JOEL BERGER**
360 Lexington Avenue, 16th Fl.
New York, New York 10017
(212) 687-4911

**ATTORNEY FOR PLAINTIFF**
